UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL FRANKLIN,

    Petitioner,

vs.                                               Case No. 3:20-cv-453-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

## **ORDER**

### I.   INTRODUCTION

Petitioner Michael Franklin filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1). He challenges his state court (Duval County) conviction for murder in the second degree and sexual battery. Id. at 1. Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 14), asserting the federal petition is time-barred and due to be dismissed as untimely.[1]

---

[1] Respondents filed Exhibits (Doc. 14), and the Court will refer to the Exhibits as "Ex."

Petitioner filed a reply (Reply) (Doc. 19), asserting he properly exhausted his state court remedies and the Petition is timely filed.[2] Reply at 1-5. Alternatively, he contends that if the Court were to find the petition untimely, it would constitute a fundamental miscarriage of justice to fail to address his Petition as he is actually innocent of the crime of sexual battery. Id. at 5-6.

## II.   TIMELINESS

Respondents assert the Petition is untimely. Response at 6-9. Upon review, the Petition was filed beyond the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitation.

Of import, under AEDPA,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] For the Petition, Response, and Reply, the Court will reference the page numbers assigned by the electronic docketing system.

2

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

The state court sentenced Petitioner on June 15, 2017. Ex. A, Judgment and Sentence. He did not directly appeal his judgment and sentence; therefore, the judgment and sentence became final on Monday, July 17, 2017 (the 30-day period expired on Saturday July 15, 2017, therefore he had until Monday, July 17, 2017 to file an appeal). See Fla. R. App. P. 9.140(b)(3). Saavedra v. State, 59 So. 3d 191, 192 (Fla. 3d DCA 2011) (if no direct appeal

the judgment and sentence become final thirty days later, when appellate rights expire). Accordingly, Petitioner had one year or 365 days from July 17, 2017, or Tuesday, July 17, 2018, in which to file a timely federal petition or other action tolling the one-year limitation period.

Petitioner filed a Rule 3.850 motion on May 14, 2019 pursuant to the mailbox rule, but this motion did not toll the federal one-year limitation period because it had already expired. Ex. A, Motion for Postconviction Relief. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) (state petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000). Here, there was no period remaining when Petitioner submitted his Rule 3.850 motion to the circuit court; therefore, there was nothing to be tolled. As such, the Petition is untimely.

### III.  Fundamental Miscarriage of Justice

Based on the history outlined above, the Petition is untimely and due to be dismissed.  Claiming he is actually innocent of the crime of sexual battery Petitioner contends it would constitute a fundamental miscarriage of justice if the Court failed to review the Petition.  Reply at 5-6.

To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial.  See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner).  Here, Petitioner points to no new evidence that was not available at the time of trial.[3]  He has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.  Therefore, he has failed to demonstrate he has new evidence establishing actual innocence.

---

[3] Although Petitioner is excluded as being the donor of the cervical swab, Petitioner was charged with committing sexual battery upon the victim by placing his penis in her mouth. Ex. A, Indictment.  He pled to this offense when his DNA proved to be a match for other DNA evidence found at the scene.  Ex. A, Order Denying Defendant's Motion for Post Conviction Relief at 3.  Petitioner's "DNA was found as a CODIS hit after it was found on a tablecloth."  Id. at 6.  Additionally, the victim reported that one of the assailants wiped his penis off with a white cloth after the sexual battery.  Id.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, he is not excused from complying with the time constraints for filing a federal petition. 28 U.S.C. § 2244(d). As such, the Court will dismiss the Petition and this case with prejudice as untimely. Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[4] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of January, 2023.

BRIAN J. DAVIS
United States District Judge

sa 1/30
c:
Michael Franklin
Counsel of Record

7